NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-495

STATE OF LOUISIANA

VERSUS

BRIAN MICHAEL HUGHES

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, NO. 16-490
HONORABLE WARREN DANIEL WILLETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Candyce G. Perret, and Jonathan W. Perry, Judges.

**AFFIRMED.**

**Paula Corley Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, LA   70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Brian Michael Hughes**

**James Patrick Lemoine**
**District Attorney**
**Post Office Box 309**
**Colfax, LA   71417-0309**
**(318) 627-3205**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**James D. White, Jr.**
**Assistant District Attorney**
**200 Main Street**
**Colfax, LA   71417**
**(318) 627-2971**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**PERRET, Judge.**

Brian Michael Hughes, Defendant, was adjudicated a fourth felony offender and sentenced to twenty years at hard labor, a sentence he now appeals as excessive. For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND:**

Defendant was arrested at Grant Junior High School for criminal trespassing and was subsequently found to be in possession of roughly two grams of methamphetamine. Defendant was charged by bill of information with possession of methamphetamines, a violation of La.R.S. 40:967(C). He was found guilty as charged and sentenced to five years at hard labor. Defendant appealed, and this court found insufficient evidence to support Defendant's conviction, vacating both his conviction and sentence. *State v. Hughes*, 17-458 (La.App. 3 Cir. 11/29/17), 258 So.3d 179. The supreme court reversed this court's ruling, reinstated Defendant's conviction and sentence, and affirmed them. *State v. Hughes*, 18-6 (La. 6/26/19), 284 So.3d 619.

While Defendant's initial appeal was pending before this court in docket number 17-458, the State filed a Habitual Offender Bill of Information on April 21, 2017, asserting that Defendant was a fourth habitual offender due to the following three prior felonies:

> A. Possession with intent to distribute CDS I, in violation of R.S. 40:966A-1, Grant Parish Louisiana, Docket #08-215, said conviction occurring on May 8, 2008;
>
> B. Attempted Possession of a Firearm, in violation of R.S. 14:95.1 & 14:27, Grant Parish Louisiana, in Docket #10-633, said conviction occurring January 13, 2011;
>
> C. Conspiracy to produce/manufacture CDS II, in violation of R.S. 40:967a(1) 14:26, in Grant Parish Louisiana, in Docket #13-175, said conviction occurring on August 15, 2013.

The trial court adjudicated Defendant a fourth habitual offender, vacated Defendant's five-year sentence imposed on April 13, 2017, and sentenced him to natural life at hard labor.

After Defendant's original conviction and sentence were reinstated and affirmed by the supreme court, Defendant appealed the trial court's fourth habitual offender adjudication and sentence to this court, docket number 19-547. On appeal, this court determined that the trial court applied the wrong version of La.R.S. 15:529.1 in sentencing Defendant as a habitual offender. *State v. Hughes*, 19-547 (La.App. 3 Cir. 2/5/20) (unpublished opinion). Pursuant to *State v. Lyles*, 19-203 (La. 10/22/19), 286 So.3d 407, 2017 La. Acts No. 282 was applicable to Defendant, whose conviction became final on June 26, 2019. Accordingly, Defendant's sentence was vacated, and the case was remanded to the trial court for resentencing.

On July 9, 2020, a hearing was held to resentence Defendant pursuant to this court's February 5, 2020 ruling. The trial court noted that a twenty-year sentence was mandated under the applicable version of La.R.S. 15:529.1. Following the trial court's pronouncement, Defendant requested that he be granted a lesser sentence because, due to the ameliorative changes that lowered the maximum penalty for a violation of La.R.S. 40:967(C), the current maximum sentence for his possession of methamphetamine would only be two years, not five, based on the amount he possessed. Noting that it was considering Defendant's criminal history and not just the current conviction, the trial court refused to grant a downward departure and maintained the mandated twenty-year sentence.

On July 30, 2020, Defendant filed a "Motion to Reconsider Sentence" that argued his sentence was "excessive, especially given his age; lack of any prior

2

violent or aggravated convictions; ordering fines and cost[s] on top of a maximum sentence of incarceration[,] and failure of the Court to consider the accolades accomplished during his incarceration." The trial court denied the motion, noting "Evidence was available to Defendant but was not presented or introduced at the sentencing."

Defendant now appeals his twenty-year sentence, contending the trial court failed to properly consider the ameliorative changes to La.R.S. 40:967 and failed to comply with La.Code Crim.P. art. 894.1 while imposing an excessive sentence. For the following reasons, we affirm Defendant's sentence.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

**ASSIGNMENTS OF ERROR:**

Defendant has assigned two errors on appeal: the trial court failed to properly consider ameliorative changes to La.R.S. 40:967 and the trial court failed to properly consider the mandates of La.Code Crim.P. art. 894.1 when determining his sentence. As Defendant argues his assignments of error together, we will do the same.

Under La.Code Crim.P. art. 881.1(E), a defendant may only raise the specific grounds raised in his motion to reconsider sentence on appeal. Defendant timely filed a motion to reconsider sentence in which he argued the mandatory sentence he received was excessive in light of his youth, lack of prior violent or aggravated convictions, the court's imposition of costs, and the court's failure to "consider the accolades accomplished during his incarceration." Additionally, at

the sentencing hearing, the Defendant himself specifically requested that he be given less than twenty years as he considered that sentence to be excessive in light of the small amount of methamphetamine he was convicted of possessing.

Defendant was sentenced as a fourth habitual offender. The sentence for subsequent offenders applicable to Defendant is found under La.R.S. 15:529.1(A)(4)(b), which provides:

> If the fourth felony and no prior felony is defined as a crime of violence under R.S. 14:2(B) or as a sex offense under R.S. 15:541, the person shall be imprisoned for not less than twenty years nor more than twice the longest possible sentence prescribed for a first conviction. If twice the possible sentence prescribed for a first conviction is less than twenty years, the person shall be imprisoned for twenty years.

Accordingly, the trial court possessed a single legal sentence it could impose upon Defendant, twenty years at hard labor. Sentencing Defendant to anything less would require a downward departure from a mandatory sentence, as noted by the State during sentencing.

Defendant's motion to reconsider fails to specifically request a downward departure under *State v. Dorthey*, 623 So.2d 1276 (La.1993). However, we will address Defendant's argument regarding a downward departure under the facts of this case because Defendant asked the trial court to sentence him to less than the mandated twenty years and argued in his motion to reconsider that his sentence was excessive specifically due to his youth and the underlying crime.

In *State v. Johnson*, 97-1906 (La. 3/4/98), 709 So.2d 672, the supreme court noted that under *Dorthey*, there is a presumption that a mandatory sentence is constitutional. However, although "the Legislature's determination of an appropriate minimum sentence should be afforded great deference[,]" "courts have the power to declare a sentence excessive under Article I, Section 20 of the

4

Louisiana Constitution, although it falls within the statutory limits provided by the Legislature." *Johnson*, 709 So.2d at 676. The judiciary's power to declare a sentence excessive "should be exercised only when the court is clearly and firmly convinced that the minimum sentence is excessive." *Id.*

In making this determination, the court must consider whether clear and convincing evidence exists in the case that rebuts a presumption that the minimum sentence is constitutional. Doing so requires more than simply considering the nature of the instant or past crimes:

> A trial judge may not rely solely upon the non-violent nature of the instant crime or of past crimes as evidence which justifies rebutting the presumption of constitutionality. While the classification of a defendant's instant or prior offenses as non-violent should not be discounted, this factor has already been taken into account under the Habitual Offender Law for third and fourth offenders. LSA-R.S. 15:529.1 provides that persons adjudicated as third or fourth offenders may receive a longer sentence if their instant or prior offense is defined as a "crime of violence" under LSA-R.S. 14:2(13). Thus the Legislature, with its power to define crimes and punishments, has already made a distinction in sentences between those who commit crimes of violence and those who do not. Under the Habitual Offender Law those third and fourth offenders who have a history of violent crime get longer sentences, while those who do not are allowed lesser sentences. So while a defendant's record of non-violent offenses may play a role in a sentencing judge's determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring such a sentence excessive.

*Johnson*, 709 So.2d at 676. Instead, to secure a downward departure from a mandatory sentence, a defendant must prove by clear and convincing evidence that "[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." *Johnson*, 709 So.2d at 676 (quoting *State v. Young*, 94-1636, pp. 5-6 (La.App. 4 Cir. 10/26/95), 663 So.2d

5

525, 531 (Plotkin, J., concurring), *writ denied*, 95-3010 (La. 3/22/96), 669 So.2d 1223).

In the instant case, Defendant's argument supporting his request for a downward departure focuses on his youth (Defendant is currently thirty-two years old), the lack of violent crimes in his criminal history, and his history of substance abuse. As noted above, the *Johnson* court was quite clear that a lack of violent crimes could not be the only or primary basis for a downward departure. The sentence under La.R.S. 15:529.1(A)(4)(b) already takes into consideration Defendant's lack of violent crimes. Furthermore, the trial court clearly considered Defendant's age when it previously sentenced Defendant to life imprisonment, noting Defendant had not yet reached the age of thirty yet already had four felony convictions in Grant Parish. Finally, the trial court found at the prior sentencing hearing that it did not believe Defendant's substance abuse was the only cause of his conduct, stating: "there's something else. There's something else that's not right." The trial court felt that Defendant's actions were designed to attract attention, even if the attention was "not in [Defendant's] best interest."

Defendant also argued that because the current maximum sentence for possession of methamphetamine in the quantity he possessed is two years, he felt "twenty (20) years is still an excessive sentence. And I'd like to ask for a lesser sentence." In sentencing Defendant, the trial court made it clear that Defendant was not being punished solely for his current offense but for his history of felonious activity. This is in-line with the *Johnson* court's review of the purpose of the Habitual Offender Law:

> Clearly, the major reasons the Legislature passed the Habitual Offender Law were to deter and punish recidivism. Under this statute the defendant with multiple felony convictions is treated as a

6

recidivist who is to be punished for the instant crime in light of his continuing disregard for the laws of our state. He is subjected to a longer sentence because he continues to break the law. Given the Legislature's constitutional authority to enact statutes such as the Habitual Offender Law, it is not the role of the sentencing court to question the wisdom of the Legislature in requiring enhanced punishments for multiple offenders. Instead, the sentencing court is only allowed to determine whether the particular defendant before it has proven that the mandatory minimum sentence is so excessive in his case that it violates our constitution.

*Johnson*, 709 So.2d at 677.

Although he did not submit evidence in his favor, Defendant told the court that he completed a drug program at Angola, completed a one-hundred-hour class, graduated two courses with Crossroads Prison Ministries, and received several certificates. While the trial court took those statements into consideration, despite any supporting documents being admitted into evidence, the trial court ultimately found the mandated sentence appropriate in this case. We further note that Defendant did not present evidence at any of his three sentencing hearings (the underlying felony, the original habitual offender hearing, and the habitual offender remand) that would support a finding that he is exceptional.[1]

---

[1] At the original sentencing hearing for Defendant's underlying conviction, the trial court gave reasons for sentencing:

> With respect to sentencing guidelines, um, to be quite frank, I really don't have a lot of information to go through all these various factors in the sentencing guidelines. Mr. Hughes did not wish to have a pre-sentence investigation performed, therefore, as far as his age, his education, his work history, whether he uh, has participated in rehab, any of that stuff that the Court might have available to it to make a - - a determination of what an appropriate sentence would be, I do not have. And there's probably a good reason for that. . . . And the reason I told you five (5) years, Mr. Hughes, was because of this, criminal history. You're a young man who has been in my court too many times in the short time I've been here. . . . you're not going to do anything - - you're not going to successfully complete probation. You're not probation eligible.

Additionally, at the original habitual offender hearing, the trial court also noted: "Um, by my calculations, Mr. Hughes has not yet attained the age of thirty (30), and he has four (4) felonies in Grant Parish, there's been references to other felonies in other parishes. All of his supervision cases have ended unsuccessfully with revocation."

Because Defendant has failed to show that he is exceptional as is required by *Johnson* and *Young*, he has failed to meet his burden of proving he deserves a downward departure from the mandatory twenty-year sentence imposed.

On appeal Defendant also contends that the trial court failed to consider ameliorative changes to the underlying crime, which reduced the maximum penalty for a first offense from five years to two years. According to Defendant the "amendment to [La.R.S.] 40:967 represents a shift in policy for possession of a small amount of drugs and demonstrates the legislature has chosen to impose more lenient sentencing provisions for this category of offenses." However, Defendant has already benefited from ameliorative changes to the laws affecting his case; specifically, the 2017 amendments to the Habitual Offender Law decreased Defendant's sentencing exposure from a range of twenty years to life imprisonment to a mandated twenty-year sentence. *See Hughes*, 19-547. Moreover, to the extent the maximum penalty for the underlying offense was decreased, the end result for a fourth offender remained the same: twenty years at hard labor. We find no error in the trial court's sentence.

Lastly, Defendant contends that the trial court failed to adequately consider the factors of La.Code Crim.P. art. 894.1 when it imposed a sentence. The trial court specifically stated that it had the duty to "determine whether or not the sentence that is imposed is constitutionally appropriate for the offense." Furthermore, the trial court told Defendant, "based upon those prior convictions as well as the instant conviction, I feel that the twenty (20) years that is mandated by statute is constitutionally appropriate for your situation." Defendant contends that this was a "mechanical application of [La.]R.S. 15:529.1," and that the trial court "continued to unduly focus on the criminal history of Mr. Hughes, without

consideration of all applicable sentence factors." Although the trial court did not specify what factors it was considering in imposing Defendant's sentence, this court has previously held that "[w]hen there is a constitutional mandatory sentence, a trial court need not justify, under La. C. Cr. P. art. 894.1, a sentence it is legally required to impose." *State v. Cawthorne*, 18-155, p. 6 (La.App. 3 Cir. 10/3/18), 257 So.3d 717, 724 (quoting *State v. Little*, 50,776, p. 4 (La.App. 2 Cir. 8/10/16), 200 So.3d 400, 403, *writ denied*, 16-1664 (La. 6/16/17), 219 So.3d 341), *writ denied*, 18-1899 (La. 4/8/19), 267 So.3d 607. The trial court found no reason to grant Defendant a downward departure where La.R.S. 15:529.1 allowed for only one penalty; thus, there was no need to justify the sentence under La.Code Crim.P. art. 894.1. We find no merit to Defendant's assignment of error.

**DECREE:**

Given the mandatory sentence under La.R.S. 15:529.1, Defendant's failure to prove that he was exceptional under *Dorthey*, and the fact that Defendant has already benefited from a reduction in his sentencing exposure by ameliorative changes to the Habitual Offender Law, we affirm Defendant's conviction and sentence.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.